**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EFRAIN CARDENAS-PULIDO,

Defendant-Appellant.

No. 07-1124
(D.C. No. 06-cr-00316-MSK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Efrain Cardenas-Pulido, a citizen of Mexico, appeals his sentence of 46 months' imprisonment imposed following his guilty plea for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) & (b)(2). Cardenas-Pulido's counsel moves for leave to withdraw from the case in a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967). Because we conclude that the

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

arguments raised by Cardenas-Pulido are frivolous, we **AFFIRM** his sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

## I

In May 2002, Cardenas-Pulido was convicted in Colorado state court of possession with intent to distribute marijuana, which the Immigration and Nationality Act defines as an aggravated felony. See 8 U.S.C. §§ 1101(a)(43), 1326(b)(2). As a result of that conviction, an immigration judge ordered Cardenas-Pulido to be deported from the United States to Mexico. Desiring to provide greater financial support for his wife and daughter, however, Cardenas-Pulido was not content to remain in Mexico. In early 2006, he reentered the United States to search for better employment.

Cardenas-Pulido's search came to an abrupt halt in May of that year when Colorado state law enforcement officials arrested him for a violation of state law. On July 19, 2006, approximately two months after his initial detention by the state, he was transferred to the custody of the U.S. Bureau of Immigration and Customs Enforcement.

On August 7, 2006, a federal grand jury indicted Cardenas-Pulido for illegal reentry into the United States subsequent to deportation for the commission of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). As a result of that charge, Cardenas-Pulido entered into a written plea arrangement with the government, in which he agreed to plead guilty to the

offense charged. In exchange, the government promised to recommend a sentence at the bottom of the applicable Sentencing Guidelines range and to move for a one-point offense level reduction for acceptance of responsibility.

Cardenas-Pulido's Presentence Report ("PSR") calculated an adjusted total offense level of 17 and a criminal history category of VI. Taken together, these sentencing considerations provided for a Guidelines range of 51 to 63 months' imprisonment. Prior to his sentencing hearing, however, Cardenas-Pulido moved for a downward departure pursuant to U.S.S.G. § 4A1.3(b)(1), arguing that the PSR overrepresented the seriousness of his criminal history. He did not ask the court to grant a variance under 18 U.S.C. § 3553(a).

At his March 19, 2007 sentencing hearing, the government agreed with the departure argument and recommended both that Cardenas-Pulido's criminal history category be reduced to V and that the court sentence him at the low end of the revised Guidelines range of 46 to 57 months' imprisonment. Adopting the parties' recommendations, the district court found "good grounds" to depart under U.S.S.G. § 4A1.3(b)(1) and, after analyzing the factors required under 18 U.S.C. § 3553(a), imposed a sentence of 46 months' imprisonment and three years of supervised release. This timely appeal followed.

**II**

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. The client may then choose to offer any argument to the court. If, upon complete examination of the record, the court determines that the appeal is in fact frivolous, it may grant counsel's request to withdraw and dismiss the appeal. Id. In the present case, acting pursuant to Anders, counsel provided Cardenas-Pulido with a copy of the appellate brief, and Cardenas-Pulido has filed a pro se brief in response. In his pro se brief, which we construe liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), Cardenas-Pulido raises three allegedly nonfrivolous issues for our consideration. We address each argument in turn.

**A**

Cardenas-Pulido first argues that he received ineffective assistance of counsel in the court below. Specifically, he asserts that his counsel was ineffective in failing to: (1) advise him of his right to appeal; (2) "negotiate a more reasonable deal with the government"; (3) argue mitigating factors to support a lower sentence; (4) object to the imposition of supervised release; and (5) instruct or advise him on how to speak to the sentencing judge.

In this circuit, except in rare circumstances, claims of ineffective assistance of counsel must be presented in collateral proceedings. United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "Rare circumstances" generally exist only when there is a fully developed factual record before this court. Id. at 1240-41. The rule exists to allow a district court to appropriately develop the factual record in the first instance. See Massaro v. United States, 538 U.S. 500, 505-06 (2003). It also ensures that we have an appropriate record on which to base a decision. Galloway, 56 F.3d at 1240. Thus, we have adopted a rule that claims of ineffective assistance of counsel brought on direct appeal are "presumptively dismissible." Id.

Our review of the record convinces us that Cardenas-Pulido's current claims of ineffective assistance of counsel do not fall into the narrow category of claims that require no further development. Cf. United States v. Smith, 10 F.3d 724, 728 (10th Cir. 1993) (finding the record sufficient to review an ineffective assistance of counsel claim on direct appeal where defense counsel averred to mistakenly omitting a jury instruction on a lesser included offense). His claims are therefore unsuitable for review on direct appeal. Accordingly, if Cardenas-Pulido intends to pursue these claims further, he must raise them in a collateral proceeding pursuant to 28 U.S.C. § 2255.

**B**

Cardenas-Pulido next argues that his sentence is substantively unreasonable under United States v. Booker, 543 U.S. 220 (2005). He asserts that the district court erred in imposing a within-Guidelines sentence because his conviction of simple illegal reentry into the United States is not sufficiently serious to warrant the sentence he received. Under the factors set forth in 18 U.S.C. § 3553(a), he argues that he merits a non-Guidelines sentence. He also contends that because he is not legally within the United States and will therefore be deported when he completes his term of imprisonment, no purpose is served by incarcerating him for 46 months.

Post-Booker, we review a sentence for reasonableness. See United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006). In conducting this analysis, we review the district court's factual findings for clear error and its legal determinations de novo. United States v. Serrata, 425 F.3d 886, 906 (10th Cir. 2005). We also apply a presumption that a sentence falling within a properly calculated Guidelines range is reasonable.[1] Kristl, 437 F.3d at 1054.

Cardenas-Pulido's reasonableness argument is frivolous. At his sentencing hearing, he never objected to the court's calculation of the relevant sentencing range based on his PSR, and he failed to argue for a variance under the 18 U.S.C.

_____

[1] Our circuit's use of an appellate presumption of reasonableness for those sentences falling within a properly calculated Guidelines range was recently upheld by the Supreme Court in Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007).

§ 3553(a) factors.  In fact, his only argument before the court below was that he should receive a departure under U.S.S.G. § 4A1.3(b)(1) because the PSR overrepresented his criminal history.  The court agreed with that argument and proceeded to sentence him to the bottom of the revised Guidelines range.  Moreover, the court properly considered the § 3553(a) factors in determining his sentence.  In short, because Cardenas-Pulido has done nothing to overcome the presumption that his sentence is reasonable, we conclude that, under the circumstances presented, Cardenas-Pulido's sentence is in fact reasonable.

**C**

Finally, Cardenas-Pulido argues that the district court exceeded its authority by imposing a sentence that includes three years of supervised release when the statute under which he was convicted "does not mandate" that any supervised release be imposed.  This argument is meritless.  Under 18 U.S.C. § 3583(a), a district court that imposes a term of imprisonment "may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ."  In determining whether to include a term of supervised release, the district court has broad discretion so long as its decision is consistent with the factors set forth in § 3553(a).  See United States v. Edgin, 92 F.3d 1044, 1048 (10th Cir. 1996).  As we have already recognized, the sentencing judge appropriately considered each of the relevant factors at the time

it sentenced Cardenas-Pulido.  It also acted well within its discretion when it imposed a term of supervised release.  Cardenas-Pulido's argument that the district court erred in doing so is therefore frivolous.

Because Cardenas-Pulido has failed to present us with any meritorious grounds for appeal, we **AFFIRM** his sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge